UNITED STATES DISTRICT COURT[1]
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WOODROVE PREVIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-3121 (UNA) |
| ) | |
| KARINE JEAN-PIERRE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on initial review of plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, *pro se* complaint, ECF No. 1, and motions, ECF Nos. 3-7, 9-10, 13

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and

---

[1] Multiple plaintiffs are named in the caption of the complaint, *see* Compl. at 1, and because only Woodrove Previl submitted an application to proceed *in forma pauperis*, the Court deems him the sole plaintiff.

direct." FED. R. CIV. P. 8(d)(1). "Taken together, [those provisions] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The instant complaint is far from clear and brief. Instead, it is prolix, disorganized, and nonsensical. Even taking into account its hundreds of pages of exhibits, among which are the Local Rules of this Court, *see* Compl., Ex. (ECF No. 1-2 at 6-219), the Court identifies no actual legal claim or basis for the Court's jurisdiction. The pleading utterly fails to put defendants on notice of the claims brought against them.

As drafted, the complaint fails to meet the minimal pleading standard set forth in Rule 8(a). The Court, therefore, will dismiss the complaint without prejudice and deny the pending motions as moot. Woodrove Previl's application to proceed *in forma pauperis* will be granted. An Order is issued separately.

DATE: March 20, 2025                    /s/
                                        ANA C. REYES
                                        United States District Judge